UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **NICHOLAS JOSEPH KOURY** | **CIVIL ACTION NO. 25-0921** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **YAHOO, INC., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Nicholas Joseph Koury, who proceeds pro se and in forma pauperis, filed this proceeding on approximately June 24, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Yahoo, Inc. (Oath Holdings), Detective Timothy Wooten, Sheriff Julian C. Whittington, and the National Center for Missing and Exploited Children ("NCMEC").[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that on August 31, 2021, Yahoo, Inc., "used government-supplied digital contraband hash values to scan" his private emails, "generated a CyberTip without a verified complaint or warrant," and forwarded CyberTip reports to NCMEC and law enforcement. [doc. #s 5, pp. 7, 8; 9, pp. 2, 3]. Yahoo, Inc.'s alleged actions "initiated [Plaintiff's] arrest" and "resulted in his unlawful seizure and detention." [doc. # 5, pp. 6, 8].

Plaintiff claims that NCMEC received and processed "government-directed CyberTips from private parties like Yahoo and then report[ed] to law enforcement without a warrant or

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

judicial oversight." [doc. # 5, p. 7]. He adds, "NCMEC functioned as a government agent by collecting, analyzing, and disseminating information used to justify criminal investigations and arrests." *Id.* NCMEC's alleged conduct "resulted in [Plaintiff's] unlawful seizure and detention." *Id.* at 8.

Plaintiff claims that on September 1, 2021, Detective Timothy Wooten, who is employed by the Bossier Parish Sheriff's Office, searched his iPhone and accessed his "MEGA cloud account" without first securing a search warrant. [doc. #s 5, pp. 7, 8; 9, p. 1]. He alleges that Wooten "relied on outdated case law contained in the Bossier Sheriff's Policy Manual, which had not been updated since 2014." [doc. # 5, p. 8]. He also claims that Wooten fabricated exigent circumstances to justify the search, falsely swearing "in an affidavit that the phone was in 'low power mode' and at risk of shutting off[.]" [doc. # 9, pp. 1, 4]. After the search, a judge "signed a retroactive warrant" for the search. [doc. # 9, p. 4].

Plaintiff claims that Sheriff Julian C. Whittington failed to update "written policies to reflect the Supreme Court's requirement for warrants prior to cell phone searches." [doc. # 5, pp. 7, 8]. Plaintiff refers the Court to *Riley v. California*. [doc. # 9, p. 2]. He maintains that Whittington's failure to update the policy and train officers about new case law "led to the violation of [his] constitutional rights." [doc. #s 5, p. 8; 9, p. 4].

Plaintiff was arrested on September 1, 2021. [doc. # 5, p. 8]. On September 2, 2021, he was charged with 48 counts of possession of pornography involving a juvenile and two counts of sexual abuse of an animal. [doc. # 9, p.3]. On October 5, 2021, he was charged with 783 counts of possession of pornography involving a juvenile. *Id.* On January 24, 2022, he was charged with simple burglary of an inhabited dwelling and one count of video voyeurism. *Id.* at 3.

2

Plaintiff claims that Detective Wooten fabricated evidence "by mixing MEGA files and Yahoo files in charging instruments." [doc. # 9, p. 6]. He adds: "In the original 48 counts (2021), Counts 46-48 were attributed to MEGA files created on September 8, 2021, after Plaintiff's arrest. These were falsely grouped with Yahoo CyberTip files to sustain charges. In the amended bill of March 28, 2024, Wooten again mixed Yahoo files (Counts 71-72) into the 100 added charges, mislabeling them to suggest they came from MEGA." *Id.*

Plaintiff claims that he was "detained for nearly three years on excessive bail." [doc. #s 5, p. 5; 9, p. 4]. He maintains that he was not a flight risk and that the bail amount was unjustified. [doc. # 5, p. 8].

On July 8, 2024, Plaintiff pled guilty to four counts of attempted possession of pornography involving a juvenile. [doc. #s 5, p. 5; 9, p. 4]. "All other charges were later nolle prosequi." *Id.*

Plaintiff claims that Detective Wooten committed perjury at a suppression hearing and at his preliminary examination. [doc. #s 5, p. 7; 9, p. 1].

Plaintiff claims: "At no point during proceedings was I presented with an accuser or witness to confront. The state relied on documents and third-party reports without any live testimony . . . ." [doc. # 5, p. 8]. He reasons: "[Yahoo, Inc.] produced a business records declaration (custodian Monica Vu) that admitted 'Oath's servers record this data automatically,' showing no witness with knowledge existed." [doc. # 9, p. 2].

Plaintiff claims that he "was denied access to exculpatory evidence and discovery while incarcerated." [doc. #s 5, p. 8; 9, p. 5].

For relief, Plaintiff seeks compensation, punitive damages, the return of his seized personal property, the "remov[al] of his rap sheet charges," and a stay of this proceeding until his

3

pending petition for post-conviction relief in state court is resolved. [doc. #s 5, p. 9; 9, p. 7]. He also asks the Court to enjoin defendants from: detaining him, arresting him, or prosecuting him without this Court's prior approval; using any state law as pretext to retaliate against him; and retaliating against him in any manner for exercising his rights in filing and pursuing this federal civil rights action. [doc. # 9, p. 7].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies

somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

### 2. *Heck v. Humphrey*

The Court should, under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss Plaintiff's claims: (A) that Yahoo, Inc., scanned his private emails, "generated a CyberTip without a verified complaint or warrant," and forwarded CyberTip reports to NCMEC and law enforcement; (B) that NCMEC processed Yahoo, Inc.'s "results and transmitted them to law enforcement"; (C) that Detective Wooten unlawfully searched his iPhone and accessed his "MEGA cloud account"; (D) that Sheriff Whittington caused Detective Wooten's unlawful search by failing to update "written policies to reflect the Supreme Court's requirement for warrants prior to cell phone searches"; and (E) that Detective Wooten fabricated evidence "by mixing MEGA files and Yahoo files in charging instruments."

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 477. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.*

6

Here, Plaintiff claims that Yahoo, Inc., unlawfully searched his emails. Prevailing on the claim here would necessarily imply the invalidity of Plaintiff's convictions: he concedes that Yahoo, Inc.'s alleged actions "initiated [his] arrest" and "resulted in his unlawful seizure and detention." [doc. # 5, pp. 6, 8]. In other words, absent Yahoo, Inc.'s alleged actions, he would not have been arrested and, by extension, convicted. Likewise, prevailing on his claim that Detective Wooten unlawfully searched his iPhone and accessed his "MEGA cloud account"—as well as his claim that Sheriff Whittington caused Wooten to unlawfully search the iPhone and cloud account—would necessarily imply the validity of his convictions. Tellingly, he implies that his convictions are invalid *because* Whittington violated his constitutional rights. [doc. #s 5, p. 8; 9, p. 4].

The claims above against Yahoo, Inc., Detective Wooten, and Sheriff Whittington are collateral attacks on his convictions because he necessarily implies that the evidence derived from the searches caused him to plead guilty or otherwise tainted his pleas. *See Schield v. Brawner*, 569 F. App'x 236 (5th Cir. 2014) (holding, where the plaintiff alleged that defendants "conducted an illegal search and seizure on his property, which resulted in the discovery of the [] drugs and ultimately led to his 2011 conviction[,]" that *Heck* barred the claims); *Hall v. Lorenz*, 48 F. App'x 481 (5th Cir. 2002) ("Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction."); *Cornett v. Longois*, 275 F.3d 42 (5th Cir. 2001) ("Moreover, the true nature of the claim appears to be that the officers' illegal search of his home violated his First and Fourth Amendment rights. . . . [B]ecause the claim would implicate the validity of his criminal conviction if successful, it is barred by *Heck v. Humphrey* . . . ."); *Cougle v. Cty. of DeSoto, Miss.*, 303 F. App'x 164, 165 (5th Cir. 2008) ("The district court correctly recognized that the allegations of unlawful search and

arrest in this case, if true, would necessarily imply the invalidity of the revocation of Cougle's probation, which was based, at least in part, on the same search and arrest.").[2]

Prevailing on the claim that NCMEC processed Yahoo, Inc.'s "results and transmitted them to law enforcement" would also necessarily imply the validity of Plaintiff's convictions. He states that but for NCMEC's actions, he would not have been arrested. And he challenges NCMEC's actions in an attempt to "remove" his "rap sheet charges." At bottom, he is challenging how the State obtained evidence used to convict him. *See generally Tave v. Abbott*, 31 F. App'x 835 (5th Cir. 2002) (unpub.) ("Tave's claims against Abbott relating to . . . a conspiracy between Abbott and a police informant are barred by *Heck*[.]"). In addition, he seeks to stay this proceeding until his application for post-conviction relief in state court is resolved, which indicates that the claims in this proceeding comprise the grounds by which he seeks to overturn his convictions in state court. Consequently, prevailing on the claims here would necessarily imply the invalidity of his state court convictions.

Next, Plaintiff's claim that Detective Wooten fabricated evidence "by mixing MEGA files and Yahoo files in charging instruments" would necessarily imply the invalidity of his convictions. A plaintiff may not "bring" a "fabricated-evidence claim under § 1983 prior to

---

[2] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff does not allege that any of these doctrines apply. *See Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); *see also Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

8

favorable termination of his prosecution." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019); *see Wyatt v. Richwood Corr. Ctr.*, 633 F. App'x 274, 275 (5th Cir. 2016) (affirming, where the plaintiff who pled guilty "asserted that officials manipulated and fabricated evidence against him," that *Heck* barred the claims because the claims would call "into question the legitimacy of his conviction . . . ."). In *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004), the Fifth Circuit held that *Heck* barred a Plaintiff's claims of evidence tampering, concealment, and perjury because a decision granting the claims "would necessarily imply that her conviction was invalid." *See Gonzalez v. Garza*, 59 F.3d 1241 (5th Cir. 1995) (holding that claims that evidence was manipulated or withheld to corroborate perjured testimony "would be foreclosed by *Heck*.").[3]

Plaintiff may not seek damages for the claims above until his convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[4] The Court should dismiss these claims.

---

[3] *See also Swanson v. Walker*, 64 F. App'x 418 (5th Cir. 2003) ("Swanson alleges that Officer Sterling made false statements concerning the search and seizure which led to his arrest and, ultimately, his conviction. Contrary to Swanson's assertion, a decision in his favor on this claim would necessarily imply the invalidity of that conviction."); *Lavergne v. Sheriff's Off. Acadia Par.*, 591 F. App'x 277, 278 (5th Cir. 2015) ("[Lavergene . . . contends] . . . that *Heck* does not apply because . . . because the false statements of Kent Kloster and Claire Higgingbottom were not used in the statement of facts or factual basis for his guilty plea convictions. Even if his claims were not time barred, Lavergne cannot overcome the *Heck* bar. Lavergne's claims arise out of the Shunick and Pate murder prosecutions, and they reflect his view that the prosecutions and his resulting guilty pleas were tainted. If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions."); *Busick v. Neal*, 380 F. App'x 392, 399 (5th Cir. 2010).

[4] That the State dismissed some charges arising from Plaintiff's arrest is of no consequence. "The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to 'collide' with the criminal judgment. It also is immaterial that the plaintiff was not convicted on every count charged." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583-85 (5th Cir. 2012).

9

### 3. Excessive Bail

Plaintiff claims that he was "detained for nearly three years on excessive bail." [doc. #s 5, p. 5; 9, p. 4]. He maintains that he was not a flight risk and that the bail amount was unjustified. [doc. # 5, p. 8].

Plaintiff, however, does not name a responsible defendant. He does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). The Court should dismiss this claim.

### 4. Perjury

Plaintiff claims that Detective Wooten committed perjury at a suppression hearing and at his preliminary examination. [doc. #s 5, p. 7; 9, p. 1].

Detective Wooten is immune from this claim. "[P]olice officers are absolutely immune from liability for their allegedly perjurious testimony." *Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006); *see Brown v. Jones*, 24 F.3d 238 (5th Cir. 1994). The Court should dismiss this claim.[5]

---

[5] Even assuming, *arguendo*, the defendant is not immune, the *Heck* doctrine would bar Plaintiff's claim. *See Buckenberger v. Reed*, 342 F. App'x 58, 62 (5th Cir. 2009) ("Buckenberger claims that the defendants in this case . . . provided false testimony. Buckenberger claims that without this allegedly false testimony, the State lacked probable cause to arrest him. This claim is foreclosed by the Supreme Court's decision in *Heck v. Humphrey*."); *Weems v. Conley*, 770 F. App'x 237, 238 (5th Cir. 2019) (finding that because a claim of false testimony was related to other claims which would necessarily imply the invalidity of the plaintiff's conviction, the false testimony claim was barred under *Heck*); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) ("A decision granting Shaw injunctive or declaratory relief on her allegations of . . . perjury . . . or the filing of false affidavits in her state habeas corpus proceeding, . . . would necessarily imply that her conviction was invalid.").

### 5. Confrontation Clause Violation

Plaintiff claims: "At no point during proceedings was I presented with an accuser or witness to confront. The state relied on documents and third-party reports without any live testimony . . . ." [doc. # 5, p. 8].

Plaintiff does not name the State of Louisiana as a defendant or otherwise seek relief from the State.[6] He does mention Yahoo, Inc., but he does not allege that Yahoo, Inc., failed to present "an accuser or witness to confront" at his proceedings. Rather, he writes only that evidence obtained from Yahoo, Inc. (a business records declaration) shows that "no witness with knowledge existed." [doc. # 9, p. 2]. The Court should dismiss this claim because Plaintiff does not name a responsible defendant.

### 6. Denied Exculpatory Evidence

Plaintiff claims that he "was denied access to exculpatory evidence and discovery while incarcerated." [doc. #s 5, p. 8; 9, p. 5]. But Plaintiff does not name or identify a defendant responsible for the alleged denial. He mentions an assistant district attorney, but he does not name the individual as a defendant or otherwise seek relief from the individual. Thus, the Court should dismiss this claim.[7]

---

[6] Even if Plaintiff named the State as a defendant, it is not considered a "person" under Section 1983. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[7] Even assuming, *arguendo*, that Plaintiff named the assistant district attorney as a defendant, the *Heck* doctrine would bar Plaintiff's claim. Prevailing on a claim of withholding exculpatory evidence would necessarily imply the invalidity of Plaintiff's convictions. *See Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994) (finding a claim of withholding exculpatory evidence barred by *Heck* because if proved it would "call [the plaintiff's] conviction into question under *Brady v. Maryland*, 373 U.S. 83, 83 (1963).").

11

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that the following claims raised by Plaintiff Nicholas Joseph Koury be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met: (A) that Yahoo, Inc., unlawfully searched his emails, "generated a CyberTip without a verified complaint or warrant," and forwarded CyberTip reports to NCMEC and law enforcement; (B) that NCMEC processed Yahoo, Inc.'s "results and transmitted them to law enforcement"; (C) that Detective Wooten unlawfully searched Plaintiff's iPhone and accessed his "MEGA cloud account"; (D) that Sheriff Whittington caused Wooten's unlawful search by failing to update policies; and (E) that Detective Wooten fabricated evidence.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of September, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge